MINNIE LANHAM, APPELLEE, V. CHARLES J. BOWLBY ET
AL., APPELLANTS.

FILED MAY 10, 1907. NO. 14,735.

1. **Adverse Possession:. EVIDENCE.** One who enters into the occupancy
of real estate under contract cannot afterwards obtain title thereto
by adverse possession, without showing that his occupancy had
assumed an adverse character, and continued as such during the
statutory period.

2. **Evidence** examined, and *held* insufficient to sustain the material
allegations of the petition.

APPEAL from the district court for Saline county:
LESLIE G. HURD, JUDGE. *Reversed.*

*J. H. Broady* and *M. H. Fleming,* for appellants.

*T. H. Matters, contra.*

EPPERSON, C.

This is either an action to quiet title or for the specific
performance of a contract. It is difficult to determine
which. Plaintiff relies upon title by adverse possession,
and seems to have been supported in this claim by the
trial court, although there was a general finding for the
plaintiff. Plaintiff is an heir at law, and the grantee of
all other heirs at law, of John Lanham, deceased, who died
in 1900, while occupying the land in controversy. The pe-
tition alleges that in 1880 Lanham and the defendant en-
tered into a verbal contract, whereby the defendant agreed
to exchange the land in controversy for $1,100 to be
credited by Lanham upon his account books, and paid for
in building material and rent; that Lanham thereupon
took possession of the property and held the same by ad-
verse possession until his death; and that said Lanham per-
formed his part of the agreement by crediting the amount
of the purchase price to defendant and furnishing rent
and materials. Plaintiff further alleged that, when said

John Lanham had performed his part of the agreement, he demanded a deed from defendant, which defendant refused to furnish.

The evidence clearly established that plaintiff's ancestor took possession of the property in controversy under a verbal agreement with defendant, and that he and his heirs have been in continuous occupancy from 1880 until the present time. In its inception, therefore, the occupancy of Lanham was not adverse, and the evidence fails to show that it ever became adverse by the demanding of a deed and a refusal by defendant, or otherwise. Lanham's possession under the contract could not be adverse to defendant, and, until his occupancy in some way assumed an adverse character, the statute did not begin to run. Lanham's title was subservient to the title held by his grantor, the defendant, and that condition is presumed to continue until the presumption is overcome by competent evidence. In *Beer v. Plant,* 1 Neb. (Unof.) 372, this court held: "In order to establish title by adverse possession, it is not sufficient to show continued occupancy for ten years, but it must also appear that such occupancy was with intent to claim title against the true owner." In *Smith v. Hitchcock,* 38 Neb. 104, it is said: "Where possession of real estate is the result of an entry upon the premises by permission of the legal owner, such possession will not become adverse until some act is committed by the occupant rendering it so, and notice thereof is brought home to the owner of the legal title." We are convinced that under the evidence in this case plaintiff cannot recover on the ground of adverse possession.

In the second amended petition, plaintiff's allegations are inconsistent. He attempts to plead title by contract and also by adverse possession, without alleging that the contract had been fully performed on his part more than ten years before the commencement of the action, and that defendant had notice that the plaintiff during that period was claiming to hold the land adversely. The court erred in permitting two causes of action to stand in the second

amended petition.  However, by taxing the doctrine of liberality in the construction of pleadings to its limit, the petition herein would limit plaintiff to recover in the event that her ancestor had paid the agreed consideration as alleged.  The only evidence as to the consideration to be paid by John Lanham was the deposition of his son-in-law, agent and attorney, who says: "Mr. Lanham told me about this contract in 1888, when, at his request, I made a statement from his books, a copy of which is hereto attached and marked 'Exhibit A.'  He said he was to pay $1,100 for this land, and to pay 7 per cent. interest on deferred payments.  This statement shows that $600 of office rent and $338.61 worth of brick had been applied on this land contract, and in 1889 there was $100 additional office rent applied on this land contract, at which time Bowlby moved out of the Lanham building." Exhibit A, attached to the deposition, purports to be a "copy of an account made out by Guy S. Abbott from books of John Lanham, at his request," and shows a credit to the defendant for the $1,100, purchase price of the property in question, and also the charges made against the defendant of the items alleged in the petition.  At best, this is not satisfactory or competent evidence, either as to the condition of Lanham's books or to show the contract relations between deceased and the defendant.  It was objected to by defendant, and an exception taken to its admission.

The evidence wholly fails to prove the material allegations of the petition, and we recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.