DAVENPORT ET AL. v. SEBRING ET AL.

1. **Adverse Possession:** CLAIM OF TITLE: ABANDONMENT. Possession to be considered adverse must be held with an intention to claim title, and where a party in possession brings an action and recovers from his grantor upon the covenants of warranty in his deed, for a failure of his title, such act constitutes an abandonment of the claim of title under which he holds possession, and he cannot afterward claim that such possession is adverse to the title of the true owner.

*Appeal from Boone District Court.*

TUESDAY, DECEMBER 2.

ACTION to recover the possession of land situated in Boone county. The answer of the defendants denies generally all the allegations of the petition, and pleads the bar of the statute of limitations, alleging that defendants and their grantors had been for more than ten years in the actual, notorious and adverse possession of the land under claim of title and right. A verdict and judgment were had for defendants; plaintiffs appeal. The facts of the case are stated in the opinion.

*Webb & Dyer* and *Wright, Gatch & Wright,* for appellants.

*O'Connell & Springer* and *Hindman & Hall,* for appellees.

BECK, CH. J.—I. The evidence shows that the land in question is a part of the "Des Moines River Grant," and that the title thereto is in the plaintiffs. The testimony tends to establish the following facts: The property was originally claimed by the Cedar Rapids & Missouri River Railroad Company, under the act of Congress of May 15, 1856, granting lands to the State to aid in building certain railroads. This corporation sold the land by written contract, executed December 29, 1865, to James Stinson, who thereupon entered upon the land and made improvements thereon. He assigned the contract to defendants November 2, 1868, who went into possession of the land under their purchase and made other improvements.

The land is one of many tracts claimed under the "Des Moines River Grant." A conflict as to these lands arose between this grant and the railroad grant, which was finally determined in favor of the former by the decision of the United States Supreme Court in *Williams v. Baker*, 17 Wal., 144, and other cases therein referred to. This decision, it was conceded on all hands, settled the title of the lands in dispute under the two grants, and determined that they were covered by the Des Moines River Grant, and the court below held, and so instructed the jury, that the evidence shows the title to be in plaintiffs.

After the decision in *Williams v. Baker*, *supra*, the defendants herein brought an action against the Cedar Rapids & Missouri River Railroad Company upon the contract for the sale of the lands in controversy, and in 1873 the company repaid to defendants the full amount paid for the purchase of the land by them and their assignor, Stinson. The railroad company abandoned all claim to the lands in dispute under the grant. Defendants in their action against the railroad company claimed that it could convey to them no title, and the company, conceding their claim, made the repayment as stated. The defendants admitted, after the decision in *Williams v. Baker*, that they held no title to the land, and made no claim thereto except for the value of the improvements.

They had negotiations with plaintiffs for the purchase of the land.

The court gave to the jury instructions in general terms upon the subject of the adverse possession necessary to constitute a bar to the action under the statute of limitations. These, as well as other instructions, are probably correct in the announcement of abstract rules of law, but the court failed to give directions which would enable the jury to apply them to the peculiar facts of the case.

An important inquiry for the jury was this: Did defendants hold the land adversely? The jury was informed that if the 1. ADVERSE possession: claim of title: abandonment. defendants so held the land the action was barred under the statute of limitations. It is a question of law whether the possession of defendants as shown by the testimony was adverse to the title of plaintiffs. The instructions given by the court were not directed to this inquiry, and, therefore, could have given the jury no aid in determining it. The plaintiffs asked the court to give the jury the following instructions applicable to this branch of the case:

"*First.* That to constitute a bar to plaintiffs' right to recover in this action defendants herein must show an actual occupancy of the premises in suit, clear, definite, notorious and hostile, and such occupancy must be continuous, adverse and exclusive during the whole period prescribed by the statute.

"*Second.* Such possession must be under a claim of title or right to the land occupied; or, in other words, the fact of possession, and the intention with which it was commenced and held, are the *only tests.* If, therefore, the intention is wanting of claiming the title to the land against the true owner, the possession will not be adverse, and, however long and continued, will not bar the owner's right to recover.

"*Third.* If defendants, during the time they have held this land in dispute, only claimed to own the improvements made on said land, then no length of possession will give them title to the land in dispute; and in considering this case you will take into consideration the acts and declarations of the defendants and their statements of the claim made by them,

and if the evidence offered upon the trial of this cause satisfies you that the claim of defendants was a claim for improvements only, then you must find for the plaintiffs.

"*Fourth.* If you believe, from the evidence introduced on the trial of this cause, that defendants J. J. Sebring and Byron Sebring purchased the land in controversy from the Cedar Rapids & Missouri River Railroad Company, by an assignment of a contract of purchase from one James Stinson, and thereby derived the first claim they ever made to the land in suit, and afterward sued for and obtained the purchase-money paid for said land by their assignor, James Stinson, or themselves, by reason of an alleged want of title in said railroad company, then such action on the part of defendants amounts to an abandonment of all rights claimed or acquired by defendants in and to the title to the land in question, up to the time of receiving such repayments of purchase-money, and their claim of title now made must commence from the date of the receipt of such purchase-money, if you find such claim has been made by defendants."

II. The correctness of these instructions cannot be disputed. The second announces the rule that the possession, to be considered adverse, must have been held with the intention on the part of defendants to claim title thereto. The evidence tended to show that defendants abandoned all claim of title by prosecuting the action against their grantors to recover the purchase-money paid by them, and by accepting payment thereof, and by negotiating for the purchase of plaintiffs' title, and otherwise admitting that they made no claim except for the value of the improvements. This evidence should have been considered in the light of the second instruction. If the jury had found the facts which the evidence tended to prove, the want of intention to hold adversely would have been established. Without an adverse holding, which could not have existed in the absence of intention, the defendants were not entitled to the protection of the statute of limitations.

III. The third instruction states a correct proposition of law. The defendants in order to sustain their defense under the statute of limitations were required to show adverse pos-

session under claim of title and right to the land. A claim to the ownership of the improvements, it is apparent, is not a claim of title to the land. There was evidence tending to show that defendants' claim was limited to the improvements. The instruction was applicable to this testimony; it ought to have been given to the jury.

IV. The fourth instruction refused is also correct. If defendants' only claim of right was based upon their purchase from Stinson, their act in suing for and receiving the purchase-money paid by them and their grantors was an abandonment of the title under which they entered upon and held the land. The law will not permit them both to deny and claim under the title derived from the railroad company. Our conclusion upon the point does not demand the support of argument; its bare statement will command assent.

For the error of the court below, in refusing to give the instructions above set out, its judgment is

REVERSED.