PETER KEISER v. SYLVESTER P. DECKER.

[FILED MARCH 11, 1890.]

1. **Negotiable Instruments:** USURY NOT PROVED. A promissory note was given in 1869 or 1871 for $140, due in six months, with twelve per cent interest. When the note became due it was renewed for one or more years, interest then due being added. There were five or six renewals of the note, with in-

terest added at each renewal.  The defense was usury. · *Held*, That the proof failed to establish the defense of usury.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE.  To authorize the granting of a new trial upon newly discovered evidence which is merely cumulative, such evidence must be of so controlling a character that it would probably change the verdict.

ERROR to the district court for Saunders county.   Tried below before MARSHALL, J.

*Wm. C. & Geo. I. Wright,* for plaintiff in error.

*C. Thompson, contra:*

The affidavits for a new trial were insufficient, as the evidence offered was merely cumulative, and a proper effort to obtain it in time for trial does not appear to have been made. (*Schofield v. Brown,* 7 Neb., 224; *Tomer v. Densmore,* 8 Id., 384; *Bolar v. Williams,* 14 Id., 387; *Halliday v. Briggs,* 15 Id., 219; *Schreckengast v. Ealy,* 16 Id., 510.) It is not enough for a party to state in his affidavit for a new trial that he could not with reasonable diligence procure the evidence; he must point out what particular effort has been made. (*Headley v. Fishburn,* 3 Neb., 263; *Tomer v. Densmore, supra; Gorache v. Hintz,* 13 Neb., 390.)   The newly discovered evidence must be something more than that which merely tends to impeach or contradict an opposing witness. (*Ogden v. State,* 13 Neb., 436.)

MAXWELL, J.

This action was brought on a promissory note as follows :

" $273.63.              ASHLAND, NEB., April 1, 1877.

" Six months after date I promise to pay to S. P. Decker, or order, $273.63, in Ashland, Neb., with interest at the rate of 12 per cent per annum until paid, together with reasonable attorney's fees if collected by suit, value received.

" PETER KEISER."

The defendant below (plaintiff in error) in his answer to the petition states that he "admits that on or about April 1, 1877, he made and delivered to plaintiff a promissory note, but states that the purported copy thereof in plaintiff's petition found is not correct; that on or about the 1st day of May, 1871, he purchased a horse of said plaintiff for $140, and as payment therefor made and delivered to plaintiff his promissory note bearing interest at 12 per cent per annum, and that at various times between said date and April 1, 1877, he made payments thereon amounting to about $50.40; that the note given as aforesaid for purchase price of said horse was the sole consideration for the note given on April 1, 1877, and that on April 1, 1877, there was due plaintiff from defendant thereon only about the sum of $190.40, and that the amount set out on the face of the note by defendant, made as aforesaid on April 1, 1877, over and above the amount due as aforesaid on the said purchase money note was usurious and without consideration." He admits that he made the payments set forth in said petition to the amount of $120, and alleges that the amount that would be due on the note herein sued on, on the 24th day of August, 1887, is $70.40 and not more.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $436.83, and a motion for a new trial having been overruled, judgment was entered on the verdict. The testimony shows that in 1869 or 1871 the plaintiff in error purchased a horse from the defendant in error for the sum of $140, giving his note therefor due in six months with interest at 12 per cent. When this note became due, a new note for the principal and interest was executed and a number of renewals took place prior to 1877, when the note in suit was executed.

The testimony shows that at each of these renewals the plaintiff in error was not aware that anything in excess of the then lawful rate of interest was added to the note, and

the defendant in error denies that any such excess was included.    This being the state of the proof there would seem to be a failure on the part of the plaintiff in error to establish the defense of usury.    It is insisted on his part that the original note was made in 1871, and not in 1869, as claimed by the defendant in error.    Upon this point there is a direct conflict in the testimony of the respective parties. The original note is shown to have been lost and no writing of any kind made at or near the time of the transaction was introduced as tending to establish the date.

The testimony shows that the plaintiff in error removed to this state in September, 1868, and has resided here ever since, and the jury seem to have considered that the original note was executed in 1869.    This fact is material only as tending to prove that more than lawful interest was charged if the original note was executed in 1871.

It is claimed that the plaintiff in error is entitled to a new trial on the ground of newly discovered evidence. This evidence consists of the affidavits of two persons, in effect that the horse was purchased in 1871.    The affidavits contain hearsay evidence, a large part of which would not be admissible in evidence, and at the most are cumulative.    Where the newly discovered evidence is merely cumulative, to authorize the granting of a new trial thereon it must be of so controlling a character that it would probably change the verdict. (*Windham v. Kendall*, 7 R. I., 77 ; *Levitsky v. Johnson*, 35 Cal., 41 ; Maxw., Pl. and Prac. [4th Ed.], 447.)    The newly discovered evidence lacks the degree of certainty necessary to authorize the granting of a new trial.

There is no material error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.