## CHARITY SMITH v. GILBERT M. HITCHCOCK.

FILED OCTOBER 18, 1893. No. 5338.

1. **Ejectment**: TITLE BY PRESCRIPTION: NOTICE TO OWNER OF LEGAL TITLE: PROOF. A plaintiff in ejectment, claiming title to the lands sued for by reason of ten years' adverse possession thereof, to prevail, must prove a continuous possession of said property under a claim of ownership in himself, and that such possession was actual, visible, notorious, exclusive, and adverse to the owner of the legal title.

2. ———: TO CONSTITUTE AN ADVERSE POSSESSION of land, such as, if it continued for ten years, would establish title in the occupant, it is necessary that he should actually hold the land as his own during that period, in opposition to the constructive possession of the legal proprietor.

3. ———: CONCURRENT POSSESSION: PERMISSIVE ENTRY UPON PREMISES. Where the owner of the legal title to real estate occupies the same concurrently with one who entered by his permission without color of title, such possession of the owner negatives any presumption that the other occupied adversely to him.

4. ———: ADVERSE POSSESSION: NOTICE: ENTRY BY PERMISSION OF LEGAL OWNER. Where possession of real estate is the result of an entry upon the premises by permission of the legal

owner, such possession will not become adverse until some act is committed by the occupant rendering it so, and notice thereof is brought home to the owner of the legal title.

5. **Trial:** RULING ON ADMISSIBILITY OF EVIDENCE: REVIEW. In order to predicate error upon the sustaining by the trial court of an objection to a question propounded to a party's own witness, the party must make an offer to prove the fact sought to be elicited by the question. *Masters v. Marsh,* 19 Neb., 458, followed.

6. **New Trial:** NEWLY DISCOVERED EVIDENCE. To entitle a party to a new trial on account of newly discovered evidence, it is not enough that the evidence is material and not cumulative. It must further appear that the applicant for the new trial could not, by the exercise of reasonable diligence, have discovered and produced such evidence at the trial. *Fitzgerald v. Brandt,* 36 Neb., 683, followed.

7. ———: ———. A new trial should not be granted on the grounds of newly discovered evidence, when such testimony would not change the result of the first trial. *Keiser v. Baker,* 29 Neb., 92, followed.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*David Van Etten,* for plaintiff in error:

The word "hostile," when applied to the possession of an occupant of real estate holding adversely, is not to be construed as showing ill will, or that he is an enemy of the person holding the legal title, but means an occupant who holds and is in possession as owner, and, therefore, against all other claimants of the land. (*Ballard v. Hansen,* 51 N. W. Rep. [Neb.], 295.)

A party in possession and cultivating a tract of land will be presumed to have some interest therein. Such notice may be as effectually communicated by the open and notorious possession of the occupant as by information personally communicated. (*Filley v. Duncan,* 1 Neb., 134; *Jones v. Johnson Harvester Co.,* 8 Neb., 446.)

The entering upon land and making improvements thereon is one of the presumptive evidences evincive of

intention to assert ownership. So is possession made out by placing on the premises buildings. (*Horbach v. Miller*, 4 Neb., 47; *Gregory v. Langdon*, 11 Neb., 169.)

Possession is sufficient. (*Keith v. Tilford*, 12 Neb., 272; *Trussel v. Lewis*, 13 Neb., 415; *Yetzer v. Thoman*, 17 O. St., 130.)

Adverse possession for ten years will vest a valid title in the occupant. Color of title is not essential to adverse possession. Claim of title need not be valid. (*Gatling v. Lane*, 17 Neb., 77; *Haywood v. Thomas*, 17 Neb., 237; *Warren v. Bowdran*, 31 N. E. Rep. [Mass.], 300.)

The law presumes he has title who has possession. (*Stettnische v. Lamb*, 18 Neb., 619; *Baldwin v. City of Buffalo*, 35 N. Y., 375.)

Equity protects a parol gift of land occupied by donee. (*Dawson v. McFaddin*, 22 Neb., 737; *McKesson v. Hawley*, 22 Neb., 693.)

Adverse possession by mistake will work a disseisin, and possessor's title will be perfect. (*Tex v. Pflug*, 24 Neb., 667; *Levey v. Yerga*, 25 Neb., 764; *Obernalte v. Edgar*, 28 Neb., 70.)

Where limitations by adverse possession have begun to run against father in his lifetime, where title is claimed through him, his death and the minority of the children will not arrest it, and if it has run the full statutory period, such possession from the beginning bars recovery. (*Hardy v. Riddle*, 24 Neb., 670.)

*Chas. E. Clapp, contra:*

Possession which is permissive and entirely consistent with the title of another cannot silently bar that title. (*Kirk v. Smith*, 9 Wheat. [Pa.], 288*.)

RAGAN, C.

This is a suit in ejectment brought on November 9, 1889, in the district court of Douglas county by Mrs. Charity

Smith against Gilbert M. Hitchcock, for a part of lot 1, in Capitol Addition to the city of Omaha. The case was tried to a jury, who, under instructions of the court, rendered a verdict for Hitchcock, and Mrs. Smith brings the case here for review.

Mrs. Smith has no paper title of any kind for any part of the property. Her claim is based wholly on possession. The record shows that on and prior to 1869 this lot, No. 1, being 668 feet in length north and south, and 218 feet in width east and west, was owned by Mrs. Annie M. Hitchcock. She died in 1887, and the lot by her will passed to her husband, the late Senator Hitchcock. He died in 1881, and the lot descended to his son, the defendant in error. About 1870, by permission of Mrs. Hitchcock and her husband, Mrs. Smith moved a small cottage she owned upon this lot 1, near the east line thereof, and lived in this cottage at that place until 1880. Mrs. Smith did laundry work from time to time during these years for the Hitchcock family and others. She also planted part of the ground near her cottage to a garden. During all these years the Hitchcock family, consisting of Mrs. Hitchcock, her husband, and the defendant in error, and others, lived upon the lot; had on it their barn, horses, cattle, and garden, and exercised exclusive ownership and control of the whole lot. During all this time it was all under one inclosure, built and maintained by the Hitchcocks; and that part occupied by Mrs. Smith's cottage was in no other manner, than by the cottage itself, separated or severed from the remainder of the lot. Mrs. Smith, during this period, by the permission and consent of Mrs. Hitchcock and her husband, and as a kind of nonrentpaying tenant at will, or sufferance, also occupied her cottage on the lot. She paid no taxes. She exercised no act of ownership over the lot or any definite portion of it. Thus matters continued until 1880, when Mrs. Smith, by the permission of Senator Hitchcock, who then owned the title to the lot as devisee

of his deceased wife, and who still continued to occupy the lot with his family, removed her cottage to a point nearer the west line of said lot and some 250 feet southwest of its original location. This is the present location of the cottage. The usual occupation and control of the lot by the Hitchcocks continued as before this removal, and Mrs. Smith continued to live on uninterruptedly in her cottage. The senator died in 1881, and the defendant in error became the owner of the lot, and has since continued to reside upon it in the family homestead. In 1883 defendant in error erected three houses on a portion of the lot now claimed by Mrs. Smith, which houses have since been occupied by tenants of the defendant in error.

In 1886 Douglas street, 66 feet wide, was extended west across the entire lot, leaving the first location of Mrs. Smith's cottage north of said street. After the extension of Douglas street, the defendant in error built fences on both the north and south lines of the street, thus dividing said lot into two separate inclosed portions; one being that part of said lot lying north of said Douglas street, and on which Mrs. Smith's cottage was first located, and on which the Hitchcock homestead and the three tenant houses aforesaid are situate; the other portion being all of said lot 1 south of Douglas street, and on which portion is now Mrs. Smith's cottage. No claim for damages was made by Mrs. Smith at the time of the extension of this Douglas street, nor did she assert or claim any ownership over the land taken for such extension, though now she claims that the land used for such extension was her property. She asserted no claim of ownership or title to any of the property at the time of the building of the tenement houses by the defendant in error.

Mrs. Smith, to recover here, must prove either a paper title or prove ten years' open, notorious, exclusive, and adverse possession. She has no paper title. She occupied, by living in her cottage, a part of this lot openly and no-

toriously for ten years, but no specific or definite part of the lot other than the situs of the cottage itself. Her possession of the lot was also concurrent with that of the owner of the legal title. It was a mixed possession; not an exclusive one. The defendant in error, the holder of the legal title, has never been out of possession of the property claimed by Mrs. Smith, and this negatives any legal presumption that her possession was adverse to his title or possession. (*Green v. Liter*, 12 U. S., 229; *Proprietors Kennebeck Purchase v. Springer*, 4 Mass., 415.)

But as a matter of fact or law, was Mrs. Smith's possession of this property adverse? She entered by permission of the owner, and in 1880, by his permission, moved her cottage to another part of the same premises, not involved in this case. To constitute her possession or occupancy adverse, she must have actually held and occupied the property as her own, and in opposition and hostility to the concurrent and constructive possession of the owner of the legal title. (*French v. Pearce*, 8 Conn., 439; Newell, Ejectment, p. 697, sec. 1.) There is no evidence in the record that establishes, or tends to establish, the fact that Mrs. Smith's possession was an adverse one; nor that she entered into possession of these premises with the intention of claiming them as her own, or that she ever held after her entry in hostility to the defendant in error. Mrs. Smith's entry on this lot was by permission of the owner of the legal title, and her possession thereafter was permissive and not adverse; nor could it become so until such time as she began to occupy under a claim of right, with notice of such claim brought home to the owner. (*Harvey v. Tyler*, 2 Wall. [U. S.], 328; *Allen v. Allen*, 58 Wis., 202–209; *Perkins v. Nugent*, 45 Mich., 156; *Davenport v. Sebring*, 52 Ia., 364; *Pease v. Lawson*, 33 Mo., 35; *Smith v. Stevens*, 82 Ill., 554; Angell, Limitations, sec. 354.) The court did not err in instructing the jury to find for the defendant.

Complaint is made because of the refusal of the trial court to permit witnesses of the plaintiff in error to answer certain questions propounded to them on the trial. No tender or offer of the evidence sought to be elicited by these questions was made, and these assignments cannot now be considered. (*Masters v. Marsh,* 19 Neb., 458; *Connelly v. Edgerton,* 22 Neb., 82; *Yates v. Kinney,* 25 Neb., 120; *Burns v. City of Fairmont,* 28 Neb., 866.)

Another error assigned is the overruling of the motion for a new trial on the ground of newly discovered evidence. To entitle the plaintiff to a new trial on account of newly discovered evidence, it is not enough that the evidence is material. It must further appear that the applicant for a new trial could not, by the exercise of reasonable diligence, have discovered and produced such evidence at the trial. (*Fitzgerald v. Brandt,* 36 Neb., 683.) The proof fails to disclose such diligence on the part of the plaintiff in error as entitled her to a new trial on the ground of newly discovered evidence; but if it did, and the evidence now claimed to be newly discovered was put into the record, it would not change the result. A new trial should not be granted on account of newly discovered evidence when such evidence, if admitted, could not change the result of the first trial. (*Keiser v. Decker,* 29 Neb., 92.)

The judgment of the district court is

AFFIRMED.

RYAN, C., concurs.

IRVINE, C., having been of counsel in the case below, took no part in the consideration or decision here.