MARY O'BOYLE v. MARGARET McHUGH and Others.[1]

December 7, 1896.

Nos. 10,322—(257).

**Adverse Possession—Parent and Child.**
　As between parties sustaining parental and filial relations, the possession of the land of the one by the other is presumed to be permissive, and not adverse. To make such possession adverse, there must be some open assertion of hostile title, other than mere possession, and knowledge thereof brought home to the owner of the land.

**Same—Permissive Possession.**
　Evidence considered, and *held* that it justified and required a finding that the possession by the plaintiff of the land of the defendants, who are her children, was permissive, and not adverse.

Appeal by plaintiff from an order of the district court for Goodhue county, Williston, J., denying a motion for a new trial. Affirmed.

*Albert Johnson*, for appellant.

*J. C. McClure*, for respondents.

START, C. J. This is an action to determine adverse claims to real estate, in which judgment was ordered for the defendants on the findings of fact by the trial court, and the plaintiff appeals from an order denying her motion for a new trial.

It is undisputed that the plaintiff had been in possession of the premises in question more than 15 years next before the commencement of this action, during all which time the defendants held, and still do hold, the record legal title thereto. The plaintiff's sole claim of title is that of adverse possession. The trial court found and decided that the plaintiff never at any time entered into possession of

---

[1] Reported in 69 N. W. 37.

the premises with intent to claim them adversely to the defendants; that her possession was permissive, and not adverse. The principal question raised by the plaintiff's assignments of error is that this finding of the court is not justified by the evidence. The evidence not only sustains the finding, but requires it.

The admitted facts of the case are such that a finding that the plaintiff's possession was hostile and adverse as to the defendants would be so manifestly against the evidence as to justify a reversal. The relation of parent and child existed between the parties hereto during all the time the plaintiff claims to have been in adverse possession. This relation radically modifies the general rules of law as to what constitutes adverse possession between strangers. As between those sustaining parental and filial relations, the possession of the land of the one by the other is presumed to be permissive, and not adverse. To make such possession adverse, there must be some open assertion of hostile title, and knowledge thereof brought home to the owner of the land. 1 Am. & Eng. Enc. Law (2d Ed.) 821; Burrus v. Meadors, 90 Ala. 140, 7 South. 469; Silva v. Wimpenney, 136 Mass. 253; Allen v. Allen, 58 Wis. 202, 16 N. W. 610.

The plaintiff on May 26, 1856, was the wife of Michael McHugh, and so continued to be until April 1, 1868, when he died intestate, leaving, him surviving, his widow, the plaintiff, and the defendants, their children, who are his sole heirs at law. On the day first named, Michael McHugh, with the plaintiff, as his wife, entered into possession of the premises in question, and became the owner thereof, under the pre-emption laws of the United States. He built a dwelling house, granary, stable, and other buildings on the land, and fenced and broke a portion thereof. He so continued to occupy it as a farm and home with the plaintiff and his family to the time of his death. December 13, 1866, he and the plaintiff executed a mortgage thereon, which was afterwards, on July 25, 1874, foreclosed, and the premises sold to James Lawther. No redemption was made from the foreclosure sale, and December 1, 1877, Lawther conveyed the land to the defendants. On June 26, 1875, upon the petition of the plaintiff, 46 acres of the land was set off to her as dower by the probate court of the proper county. The plaintiff on January 26, 1875, married Owen O'Boyle, who has resided with her on the land, doing the farm work for her. From the time the plaintiff entered upon the

land with her first husband, in 1856, to the present time, she has been in the continuous possession thereof. The defendants paid all of the taxes on the land from the year 1878 to 1892, both inclusive, except those for the year 1883, which were paid by O'Boyle for the plaintiff. He also worked out for her the township road taxes assessed on the land. None of the defendants have lived with the plaintiff during the past 17 years. The foregoing facts are practically admitted.

The plaintiff testified, in substance, that she took possession of the land 17 years ago; that her brother, Michael Casey, came to the land to put in the crops, and she drove him off and put in the crop herself. It does not appear from the evidence by what claim of right her brother attempted to seed the land. She also testified that she went onto the land 17 years ago with the intention of claiming it as her own, and that she has done so ever since; that she did breaking on the land, built fences for her own convenience, rebuilt the house, which was burned; and that she built a barn and a granary. She further testified that she has had all of the crops and proceeds of the farm for the past 17 years, and that no one interfered with her possession during that time. Upon cross-examination she testified: "I went into possession 17 years ago. Myself and first husband, Michael McHugh, went into possession 39 years ago, and I have lived there ever since. Never lived anywhere else."

The evidence is undisputed that the plaintiff never in any manner (other than by her possession of the land) notified or intimated to any of the defendants that she claimed or intended to claim the land as her own, and the first knowledge or notice they had of such claim was when this action was commenced. The plaintiff's counsel, however, claims that her possession and cultivation of the farm for her exclusive benefit was notice to the defendants that she was claiming it adversely to them; and, further, that when the time for the redemption from the foreclosure sale expired her legal rights to the land were extinguished, and she became a trespasser, and thereafter held possession adversely to the defendants. It may be conceded that such would be the case, except for the parental and filial relation of the parties. In view of this relation, the possession and cultivation of the land from year to year by the plaintiff for her exclusive benefit are not enough to constitute her possession adverse, as against her children, without an open assertion of hostile title, brought to the

notice of the children in some way other than simply by such possession. The presumption that the plaintiff's possession was permissive was not rebutted by the evidence, and, it having been permissive, it does not support the plaintiff's claim of title to the land. Cameron v. Chicago, M. & St. P. R. Co., 60 Minn. 100, 61 N. W. 814.

The defendants were permitted on the trial to testify, over the plaintiff's objection, to the effect that they never had any knowledge or notice that their mother claimed to own the land until the summons in this action was served. This is alleged as error. It was not.

They were also allowed to testify that it was their intention to permit their mother to remain on the land as long as she lived, but not that she should acquire any interest in the fee. Conceding, without so deciding, that this was error, as claimed, still it was not reversible error, for the undisputed evidence required a finding that the plaintiff's possession was not hostile; hence the error was harmless.

Order affirmed.