FRANK THURESSON, APPELLEE, V. CHARLES E. SEIFERT,
APPELLANT.

FILED DECEMBER 24, 1913.  No. 17,431.

1. **Adverse Possession.** Possession or occupancy of land by permission of the owner can never ripen into an adverse title.

2. **Vendor and Purchaser: BONA FIDE PURCHASER.** The purchaser of real estate, with knowledge of his grantor's rights therein, takes only those rights.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE.  *Affirmed.*

*William B. Price* and *Ray J. Abbott,* for appellant.

*Stewart, Williams & Brown,* contra.

SEDGWICK, J.

The plaintiff obtained a decree in the district court for Lancaster county enjoining the defendant from maintaining a stairway over a lot of the plaintiff in the city of Lincoln.  The defendant has appealed.

In 1881 George Seifert was the owner of the adjoining lots Nos. 18 and 19.  There was then a brick building on lot 18, and on the south side of this building there was a stairway extending over lot 19.  George Seifert then sold lot 19 to one Dorr, and in the following year Dorr sold and conveyed the lot to one Thackara.  When Dorr and Thackara took the conveyance of lot 19 from George Seifert, they verbally consented and agreed with Seifert that he might maintain a stairway over lot 19 until such time as they should desire to improve and build upon the lot, and Seifert agreed to remove the stairway when it was desired to build upon the lot.  The deed from Dorr to Thackara contained the following clause: "Subject to an agreement in regard to the maintaining by one Seifert of the stairway on his building, between said buildings and

the premises conveyed." Afterwards George Seifert conveyed lot 18 to the defendant Charles E. Seifert, who now claims the right to maintain the said stairway by prescription.

It is a general rule of law that possession or occupancy of land by permission of the owner can never ripen into an adverse title, and it seems clear that that rule is applicable in this case. When George Seifert conveyed lot 19 his deed purported to convey the whole of that lot, and, notwithstanding he conveyed the whole lot, he desired to continue the use of a part thereof for his stairway. His grantees gave their qualified consent to his so using it, and under that consent he continued to use it. His use therefore was plainly permissive. He therefore had no easement in lot 19 when he conveyed lot 18 to the defendant. The most that he could convey was his permissive right to use that part of lot 19 encumbered by his stairway, and his conveyance from George Seifert would not change the character and effect of that permission. The defendant did not allege nor attempt to prove that he was a purchaser without notice of the plaintiff's rights in the property, or that he took any other or different title or right than that of his grantor.

The judgment of the district court is clearly right and is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.