CITY OF WILBER, APPELLEE, V. ALBERT BEDNAR: ADOLPH B. SOBOTKA ET AL., APPELLANTS.

FILED MAY 26, 1932. No. 28118.

*George E. Hager,* for appellants.

*Bartos, Bartos & Placek, contra.*

Heard before ROSE, GOOD and EBERLY, JJ., and CARTER and CHASE, District Judges.

CARTER, District Judge.

This is an action brought by the city of Wilber against Albert Bednar and other defendants under section 17-409, Comp. St. 1929, for the purpose of annexing certain territory belonging to each of said defendants. From a decree of the trial court finding against the defendants and annexing the territory of each to the city, the defendants Adolph B. Sobotka, Edward H. Vosika, Anton Vit, Emil Fuchs, and Anna Bruha bring the case to this court on appeal.

The decree of the trial court is assailed as being wholly unsupported by the evidence. The testimony is to the effect that the several tracts of land belonging to the appellants lie adjacent to the corporate limits of the city of Wilber and have been subdivided into lots and blocks, streets and alleys, that a number of people have established their homes thereon and are now enjoying the benefits of city utilities, such as electric lights, city water, sanitary sewer and the ice and cold storage plant, all of which are owned and operated by the city of Wilber. The testimony, however, discloses that the ice and cold storage plant was used generally by farmers in the territory surrounding the city of Wilber and that these defendants re-

ceive no benefits from it that are not available to the community as a whole. All the residences on said tracts are furnished with electric lights by the city under special agreements. The sanitary sewers are close enough to each tract to make them available to the persons residing thereon. Sidewalks have been constructed to the corporate limits of the city adjoining the tracts sought to be annexed and are used continually by the defendants. The street lighting system of the city has been constructed up to the corporate limits adjoining these properties. The streets of the city have been paved to a point less than 75 feet from the tracts belonging to the defendants Sobotka, Vit, Fuchs and Bruha. Most of these defendants are connected with the water system of the city. Fire hydrants have been constructed in such close proximity as to furnish complete fire protection to all the residences and buildings on the tracts sought to be annexed. The properties within the corporate limits and adjacent to those sought to be annexed are platted and occupied and indicate that the city has grown until it has built up to the property of these defendants. The tracts owned by the defendants Sobotka, Vit, Fuchs and Bruha are used exclusively for residence purposes.

The evidence shows that the defendant Vosika is the owner of, and occupies and cultivates, 76 acres of land adjoining the city of Wilber on the north, less two tracts in the southeast corner 154 feet by 123 feet and 66 feet by 123 feet which had been sold by him prior to the commencement of this action for residence purposes. The amount of the land sought to be annexed belonging to this defendant is a strip 622 feet by 300 feet, less the two small subdivisions thereof above mentioned, both of which were annexed by the trial court and from which no appeal was taken. The part sought to be annexed to the city is claimed to be an integral part of the farm on which all his farm buildings and improvements, consisting of his barns, sheds, pens, etc., are located. The evidence shows that the defendant is engaged in farming and no

other business, and that he keeps and raises grains, forage crops, hogs, cattle and other stock on this land, and as his buildings and granaries are on the tract sought to be annexed, they are necessarily kept on that part of it. The evidence, however, shows that the utilities and improvements of the city are used and enjoyed by this defendant to the same extent as the other defendants here on appeal and which have been heretofore set out in this opinion.

The city of Wilber, according to the 1920 census, had a population of 1,255 persons and in 1930 a population of 1,352. All of said defendants get their mail at the post office in Wilber, attend the churches of the city, and are in the same school district as the inhabitants of the municipality. It is also disclosed by the testimony that the bonded indebtedness of the city is approximately $308,000 and that the mill levy within the city for the year 1930 was 19 mills. It is not disputed that the utilities and improvements of the city are of sufficient size and capacity to service all the properties sought to be annexed.

Section 17-409, Comp. St. 1929, is in part as follows: "If the court find the allegations of the petition to be true, and that such territory, or any part thereof, would receive material benefit by its annexation to such corporation, or that justice and equity require such annexation of said territory, or any part thereof, a decree shall be entered accordingly; and a copy of the decree of the court, duly certified under the seal thereof, * * * shall be filed and recorded in the office of the county clerk or recorder of the county in which such territory lies." This statute has been before this court on numerous occasions, and while each case has been determined generally upon the facts of the particular case, it has repeatedly been held that to justify the annexation of territory it must appear that it would receive material benefit from the annexation, or that justice and equity require such annexation.

While it might be said that the tracts of real estate involved in this action do not receive benefits from the city of Wilber for the reason that they now receive, or have access to, the same benefits as if they were within the corporate limits of the city, yet it is the opinion of this court that the four tracts belonging to the defendants Sobotka, Vit, Fuchs and Bruha have that unity of interest with the city that is required by the law, and that in justice and equity they should be made a part thereof. There can scarcely be any question that they come squarely within the statute and that the trial court was right in annexing them to the city.

As to the defendant Edward H. Vosika, a closer question is involved, as his property is used primarily for agricultural purposes. The evidence discloses, however, that the improvements of the city of Wilber have been made close to his property so that he has access to practically all the utilities of the city; that he has sold off tracts of his land for residence purposes, and that he undoubtedly has the same unity of interest with the city of Wilber as the other defendants herein and which have been heretofore mentioned. He complains, however, that the ordinances of the city of Wilber will compel him to move his live stock outside of the city limits, which will make it necessary for him to remove his buildings and cause him considerable damage. This, however, cannot be an absolute defense, otherwise cities and villages would be seriously handicapped in taking in adjacent territory where necessary expansion would require it. In the case of *City of Wahoo v. Tharp*, 45 Neb. 563, the city of Wahoo commenced an action to take several tracts of real estate into the city, and for a defense it was alleged that at a prior date a like proceeding had been instituted for the city for the purpose of annexing the same territory, and that a judgment had been rendered in favor of the defendants. The reply admitted the former proceedings and judgment, but alleged that subsequent to the date of the judgment the city had constructed an extensive and complete system

of water-works ample for the supply and protection of the city and the territory sought to be annexed; that it had since said time extended its streets, sidewalks and cross-walks to and in the near proximity to said territory; that it had extended its street lights to the vicinity of said property at great expense, and that the population of the city had greatly increased since the former hearing. In examining the action of the trial court in annexing the territory to the city this court said: "The evidence adduced on the part of the city tends to prove that subsequent to the former judgment it has constructed a system of water-works including four or five miles of mains, with forty-seven fire hydrants; that it has the customary fire department which is supplied with carts, hose, etc., and that the buildings situated on said lots are, with few exceptions, within the protection afforded thereby; that there has been a considerable increase in the city's population, resulting in an extension of the streets and sidewalks, which are in constant use by the owners and residents of said tracts. Some of the foregoing propositions are controverted by the defendants, but the court evidently found that the former judgment was based upon conditions substantially different from those disclosed by the proofs, and that conclusion has ample support in the record. It was held in *State v. Dimond,* 44 Neb. 154, that lands adjacent to a town or village may be incorporated therewith, provided they are in such close proximity to the platted portions as to have some unity of interest in the maintenance of muncipal government, and such, judging by the record, is the rule which was recognized by the district court."

The defendant Edward H. Vosika is receiving practically all of the benefits that are mentioned in the above case, and the facts mentioned therein are almost identical with those in the case at bar. In the case of the *Village of Syracuse v. Mapes,* 55 Neb. 738, this court said: "This section authorizes the extension of the boundaries of a town or village so as to include adjacent lands, against

the consent of the owner or owners, whether such territory has been subdivided into tracts or parcels of ten acres or less, or has not been so subdivided, in case the same would receive material benefits or advantages by its annexation to the corporation, or justice and equity require such annexation to be made. There was evidence conducing to show the location of the territory proposed to be annexed, its close proximity to the platted portion of the village and to the streets and sidewalks therein; that between 100 and 200 persons reside on the lands sought to be annexed; also the population of the village, its improvements and surroundings, its advantages as a trading point, and for educational and church purposes; and that the lands in question represented the growth of the village beyond its limits, and would receive material benefits by extending the boundaries of the village so as to include the same. On the other hand, there was testimony of a very convincing character to the effect that annexation to the corporation of these lands would be a substantial detriment and damage to their respective owners, instead of a benefit to them. The writer is unable to discover how, in any way, the territory in question would be benefited by the annexation, as it now practically receives all the advantages and benefits as if the same was within the boundaries of the village. It has been held that under section 99 the corporate limits of a village may be extended to include adjacent lands in such close proximity to the platted portion as to have some unity of interest therewith in the maintenance of municipal government. *State v. Dimond*, 44 Neb. 154; *City of Wahoo v. Tharp*, 45 Neb. 563. This case is within the rule just announced, and, while the adjacent lands may not be materially benefited by their annexation, justice and equity require that the corporate limits of the village be extended to include said territory. The section mentioned authorizes the annexation to a village of contiguous territory upon the ground of material benefits and advantages to flow from such annexation, or because justice and

equity require that the boundaries of the corporation be extended so as to include such territory. *Village of Hartington v. Luge,* 33 Neb. 623."

Certain testimony was produced indicating that the property of the defendant Vosika was used exclusively for agricultural purposes, and while this evidence is competent in a case of this character, it is not in all cases controlling. Where the evidence shows that the property involved would be materially benefited, or that justice and equity require its annexation, the fact that it is used for agricultural purposes will not of itself be a bar to its annexation. To so hold would practically defeat the purposes of the statute in a great many instances.

The record in this case discloses that the trial court viewed the premises after hearing all the evidence in the case and undoubtedly such examination was important in determining the equity of the parties. The rule in such cases has been laid down by the court in the case of *State v. Delaware-Hickman Ditch Co.,* 114 Neb. 806, as follows: "When an action in equity is appealed, it is the duty of this court to try the issues *de novo* and to reach an independent conclusion without reference to the findings of the district court. Comp. St. 1922, sec. 9150. But in a case wherein the court has made a personal examination of the physical facts, and where, in the same case, the oral evidence in respect of material issues is so conflicting that it cannot be reconciled, this court will consider the fact that such examination was made and that such court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." After hearing the testimony of the witnesses, which was very conflicting as to the material issues of the case, and then making a personal examination of the physical facts, the trial court came to the conclusion that justice and equity required that the corporate limits of the city be extended to include said territory. This is a fact that we will consider in arriving at a decision in this case on appeal.

It is the opinion of this court therefore that the lands of all the defendants would be materially benefited by their annexation to the city, and that justice and right require that they be so annexed.

For the reasons above set forth, the decree of the trial court is in all respects

AFFIRMED.