ARTHUR A. HEHNKE ET AL., APPELLEES, V. F. E. STARR ET AL., APPELLANTS.

64 N. W. 2d 68

Filed April 23, 1954. No. 33444.

*Atkins, Lyman & Ferguson,* for appellants.

*Curtis O. Lyda* and *Willard F. McGriff,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs Arthur A. Hehnke and Irene McCoskey Hehnke, husband and wife, and Gerald H. Lyon and Ida E. Lyon, husband and wife, brought this action in equity to determine the true boundary line according to the recorded plat of Goos Tract 15, owned by them, and Goos Tract 14, owned by defendants F. E. Starr and Leva Starr, husband and wife, and to quiet title in plaintiffs to tract 15 as against defendants. Defendants filed an answer and cross-petition also seeking a determination of the true boundary line as surveyed and platted between the two tracts and to quiet title in them to tract 14 as against plaintiffs. Insofar as important here, plaintiffs' reply to defendants' answer and answer to defendants' cross-petition was a general denial and renewal of the prayer of their petition. The primary question for determination was and is the location of the true parallel east and west boundary line between the two tracts, both of which are located in Scottsbluff, Nebraska.

In that regard, the controversy admittedly involved a strip of land 6 feet wide, running lengthwise south of the boundary line of tract 15 as designated upon the recorded plat of Goos Tracts. As conceded in plaintiffs' brief, the primary question was and is whether or not the evidence was sufficient under law to prove that plaintiffs and their predecessors in title to tract 15,

including the strip involved, had been in open, notorious, exclusive, continuous, and adverse possession thereof, claiming title thereto as against the true owner for the full period of 10 years.

After hearing, whereat the parties each adduced evidence in their behalf, the trial court viewed the premises and rendered its judgment, finding and adjudging the issues in favor of plaintiffs and against defendants, fixing the south line of tract 15 at a point 918 feet north of and parallel with the south line of Section 14, Township 22 North, Range 55 West of the 6th P. M. in Scotts Bluff County, and so quieted the title thereto in plaintiffs as against defendants. In that connection, defendants' contention was and is that the true boundary line should have been found and adjudged to be 924 feet north of and parallel with the center of West Twenty-seventh Street, which is the south section line aforesaid, in conformity with the plat of Goos Tracts, duly filed and recorded August 12, 1919.

Thereafter, defendants appealed, assigning substantially that the judgment was not sustained by the evidence and was contrary to law. We sustain the assignment.

We examine the record in the light of the language appearing in Jack v. Teegarden, 151 Neb. 309, 37 N. W. 2d 387, wherein we said: "Applicable here is the following from Probert v. Grint, 148 Neb. 666, 28 N. W. 2d 548: ' "When an action in equity is appealed, it is the duty of this court to try the issues de novo and to reach an independent conclusion without reference to the findings of the district court. Comp. St. 1929, § 20-1925 (this section being now 25-1925, R. S. 1943). But in a case wherein the trial court has made a personal examination of the physical facts, and where, in the same case, the oral evidence in respect of material issues is so conflicting that it cannot be reconciled, this court will consider the fact that such examination was made and that such court observed the witnesses and their

manner of testifying, and must have accepted one version of the facts rather than the opposite." City of Wilber v. Bednar, 123 Neb. 324, 242 N. W. 644. See, also, State v. Delaware-Hickman Ditch Co., 114 Neb. 806, 210 N. W. 279; Greusel v. Payne, 107 Neb. 84, 185 N. W. 336.

" ' "The trial court is required to consider any competent and relevant facts revealed by a view of premises as evidence in the case, and a duty is imposed on this court on review of findings made by the trial court to give consideration to the fact that the trial court did view the premises; provided, that the record contains competent evidence to support the findings." Columbian Steel Tank Co. v. Vosika, 145 Neb. 541, 17 N. W. 2d 488.' See Carter v. Parsons, 136 Neb. 515, 286 N. W. 696."

The oral evidence is voluminous and the record contains numerous exhibits, including deeds, a contract for a deed, the recorded plat, surveys, and photographs illustrating the situation. Herein we can only summarize controlling portions of the evidence. It appears that tract 15 is north of tract 14. Both tracts face west along Avenue D, and beyond per adventure of a doubt, as shown by the recorded plat, in the light of which a survey was made by the county engineer and surveyor, who took actual measurements upon the ground, the south boundary line of tract 15 is 924 feet north from and parallel with the south line of Section 14, which is the center of West Twenty-seventh Street. The testimony of plaintiffs' civil engineer, who was not a land surveyor, so concedes but attempts to say that by reason of a stake found at the northwest corner of tract 10, which was never established by competent evidence as a proper monument, the boundary line should actually be 918 feet north of the center of West Twenty-seventh Street. Such contention is not sustained by any competent evidence. The only possible justification for establishing the line at such point must be, if at all,

upon the basis that plaintiffs and their predecessors lawfully obtained title to the strip involved by adverse possession. However, neither the evidence nor applicable law can sustain such conclusion.

In that regard, on September 24, 1932, Dessie Bowen received a special warranty deed to: "Goos Tract No Fifteen . . . . (15), Scotts Bluff County, Nebraska, according to the recorded plat thereof, same being a subdivision of the S½SW¼ of Sec 14 Tp 22 N R 55 W 6th P.M." Thereunder she took possession of tract 15 and doubtless occupied and used some or all of the strip in dispute for at least part of the time, until she died testate on March 22, 1947. Final decree in her estate was filed January 6, 1948, in which the assets of her estate, including tract 15, were assigned under the terms of her will to a son, Franklin Lee Bowen, an undivided one-half; to a son, John Denver Bowen, an undivided one-fourth; and to another son, George Watson Bowen, an undivided one-fourth. In that regard, on November 15, 1947, by warranty deed Franklin Lee Bowen, single, and the other two sons together with their respective spouses, conveyed: "Goos Tract numbered fifteen (15), Scotts Bluff County, Nebraska according to the recorded plat thereof, being a subdivision of the S½SW¼ of Section 14, Township 22 North, Range 55 West of 6th P.M." to plaintiffs, "Arthur A. Hehnke and Irene McCoskey Hehnke, husband and wife." Thereunder they took possession of tract 15, a part of which was or theretofore had been fenced, including a part or all of the strip in dispute, and claimed it as their own, which defendants disputed, and the possession of such strip by plaintiffs was never thereafter continuous or exclusive, since it appears that defendants also used it or a part thereof at various times for their own purposes. Finally, in April 1952, defendants had a survey made by the county engineer and surveyor and upon ascertaining the true line, they thereafter took possession of it as their own for themselves alone, which

was the occasion for this action, filed by plaintiffs on August 1, 1952.

In the meantime, on May 27, 1950, plaintiffs Hehnke entered into a written sale and purchase contract with plaintiffs Lyon of: "Goos Tract Numbered Fifteen (15), Scotts Bluff County, Nebraska, according to the recorded plat thereof, being a subdivision of the South One-half of the Southwest Quarter (S½SW¼), Section Fourteen (14), Township Twenty-two (22), North, Range Fifty-five (55), West of the 6th P. M., ScottsBluff County, Nebraska." Thereunder plaintiffs Lyon took possession of tract 15 in much the same manner and with the same result as that heretofore recited with relation to plaintiffs Hehnke.

On the other hand, with regard to tract 14, it will be observed that on March 7, 1935, by warranty deed to an undivided one-half interest and an executor's deed to the other one-half interest, John D. Bowen, a son of Dessie Bowen, a predecessor of plaintiffs, through whom they claimed title to the strip by reason of tacking her alleged adverse possession, concededly became the owner of tract 14. The son took possession thereunder, used water to irrigate the east end of his tract 14 from an irrigation lateral claimed by plaintiffs to have been located within tract 15 along the south line thereof, and for a time at least the east ends of both tracts 14 and 15 were used as one parcel. We note here then that there is no evidence whatever in this record that Dessie Bowen ever actually notified or brought home to her son John D. Bowen, defendants' grantor, that she ever claimed the strip here involved adversely to him. In that connection, under such circumstances it has long been the rule in this jurisdiction that the mother's possession, even though she may have occupied and used all of the strip until April 29, 1942, was during such period presumptively permissive and not adverse. As stated in Chase v. Lavelle, 105 Neb. 796, 181 N. W. 936: "The rule is thus laid down in 1 R. C. L. 756, sec. 85: 'As a general

rule an adverse possession cannot be predicated on the possession of the parent as against a child, or on the possession of a child as against its parent.' And in 2 C. J. 157, sec. 283, it is said: 'Possession by a child of land belonging to his parent will not ordinarily be considered adverse.' This text is supported by the following adjudicated cases: Hunt v. Hunt, 3 Met. (Mass.) 175, 37 Am. Dec. 130; Silva v. Wimpenney, 136 Mass. 253; Dunham v. Townshend, 118 N. Y. 281; Haggard v. Martin, 34 S. W. (Tex. Civ. App.) 660; O'Boyle v McHugh, 66 Minn. 390; McCutchen v. McCutchen, 77 S. Car. 129, 12 L. R. A. n. s. 1140. The rule is well stated in O'Boyle v. McHugh, supra, as follows:

" 'As between parties sustaining parental and filial relations, the possession of the land of the one by the other is presumed to be permissive, and not adverse. To make such possession adverse, there must be some open assertion of hostile title, other than mere possession, and knowledge thereof brought home to the owner of the land.' " Such opinion was cited, among others, and quoted from with approval in Maxwell v. Hamel, 138 Neb. 49, 292 N. W. 38. See, also, Walter v. Walter, 117 Neb. 671, 222 N. W. 49. The statements are controlling here.

In the light thereof and the situation presented here, it appears that Dessie Bowen, the mother, could not from March 7, 1935, to April 29, 1942, be lawfully held to have occupied the strip in dispute herein adversely against her son John D. Bowen, who during such period owned tract 14.

In that connection, in November 1940, John D. Bowen, the son, rented tract 14 to defendants Starr and they thenceforth occupied the same as his tenants until April 29, 1942, when John D. Bowen and Helen M. Bowen, husband and wife, by warranty deed, transferred: "Tract Fourteen (14), Goos Tracts, being a subdivision of the south Half of the Southwest Quarter (S½SW¼) of Section Fourteen (14), Township Twenty-two (22)

Range Fifty-five (55), West of the Sixth P.M. in Scotts Bluff County, Nebraska" to defendants "F. E. Starr and Leva Starr, husband and wife." Thereunder they continued thenceforth in possession of tract 14 and used the strip here involved or a part thereof on various occasions for their own purposes, although plaintiffs claimed it as their own and also used the same or a part thereof on various occasions for their own purposes.

In Ohm v. Clear Creek Drainage Dist., 153 Neb. 428, 45 N. W. 2d 117, this court said: "A person claiming title by adverse possession must, to establish it, prove open, notorious, exclusive, continuous, and adverse possession of the real estate for the full period of ten years. In Curren v. Certain Parcel of Land, 149 Neb. 477, 31 N. W. 2d 405, it is said: 'To secure a title by adverse possession, the plaintiff must prove open, notorious, exclusive, continuous, and adverse possession of the real estate for the full period of ten years.' See, also, Foltz v. Brakhage, 151 Neb. 216, 36 N. W. 2d 768; Garner v. McCrea, supra.

"It is virtually undenied by any authority, and is asserted by a great majority of cases, that an essential element of adverse possession is that it shall be exclusive. In Hanlon v. Union P. Ry. Co., 40 Neb. 52, 58 N. W. 590, this is affirmed: 'In order to create title by adverse possession, the possession, in addition to other elements, must be exclusive for the period of limitations.' In Smith v. Hitchcock, 38 Neb. 104, 56 N. W. 791, this court said: 'To constitute an adverse possession of land, such as, if it continued for ten years, would establish title in the occupant, it is necessary that he should actually hold the land as his own during that period, in opposition to the constructive possession of the legal proprietor.' See, also, Hoffine v. Ewings, 60 Neb. 729, 84 N. W. 93; Knight v. Denman, 64 Neb. 814, 90 N. W. 863; Annotation, 15 L. R. A. N. S. 1196; 2 C. J. S., Adverse Possession, § 47, p. 566; 1 Am. Jur., Adverse Possession, § 141, p. 875." In that case we also specifically held: "One claiming own-

ership of real estate by adverse possession must recover upon the strength of his title and not because of a possible weakness in the title of his adversary." Such statements are controlling here.

Plaintiffs actually have no paper title to the strip involved, and upon any theory of tacking or otherwise they have not established by any competent evidence that they lawfully acquired any title thereto by adverse possession. In that connection, also, plaintiffs did not by "proper plea" put in issue that the alleged boundary line claimed by them had "been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years" as required by section 34-301, R. R. S. 1943, and in any event they did not prove the same by any competent evidence as required by Hakanson v. Manders, *ante* p. 392, 63 N. W. 2d 436.

On the record and in the light of authorities heretofore cited, we conclude that the judgment of the trial court was contrary to the facts and law having application thereto. Therefore, the judgment should be and hereby is reversed and the cause is remanded with directions that the trial court shall render judgment for defendants as prayed in the first paragraph of the prayer of their answer and cross-petition. All costs are taxed to plaintiffs.

REVERSED AND REMANDED WITH DIRECTIONS.