WILLIAM J. MCDERMOTT, APPELLEE, v. DAN J. BOMAN ET AL., APELLANTS.

86 N. W. 2d 62

Filed November 15, 1957. No. 34224.

*Paul Rhodes* and *Heaton & Heaton,* for appellants.

*Robert J. Bulger,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Morrill County. It involves an action brought by William J. McDermott against Dan J. Boman, Loren H. Boman, and B. A. Williams, II, for the purpose of quieting and confirming in the plaintiff his title in and to all the real estate lying north and east of a fence between the northeast quarter and the east half of the northwest quarter of Section 6, Township 19 North, Range 47 West of the 6th P.M., in Morrill County, Nebraska, as against the claims of the defendants, and each of them, and to permanently enjoin the defendants, and each of them, from moving, or causing to be moved, that fence. The basis for the relief asked is: "That during the year 1934 plaintiff's immediate predecessor in title built a division fence along the south and west lines of the real estate owned by the plaintiff; that at all times since said fence was constructed the same has been used as the boundary between the above described land of the plaintiff and the above described lands of the defendants; that at all time since said fence was constructed the plaintiff and his grantor have had and maintained the continuous, exclusive, actual, open, hostile and adverse possession of all of the real estate lying east and north of the said fence for a term of more than twenty-two years."

Prior to trial the action was dismissed as to the defendant B. A. Williams, II. The trial court granted plaintiff the relief he prayed for as to "All that portion of the East Half of the Northwest Quarter (E½NW¼)

of Section Six (6), Township Nineteen (19) North, Range Forty-seven (47), lying East of the fence built and maintained by the plaintiff near the East line of said tract, all in Morrill County, Nebraska." The Bomans filed a motion for new trial and have appealed from the overruling thereof.

This is an action in equity and triable here de novo. However, "While the law requires this court, in determining an appeal in an equity action involving questions of fact, to reach an independent conclusion without reference to the findings of the district court, this court will, in determining the weight of the evidence, where there is an irreconcilable conflict therein on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying." Johnson v. Erickson, 110 Neb. 511, 194 N. W. 670. The latter has particular application here with reference to the evidence as it relates to when the fence was built and whether or not it was maintained at all times from 1934 to July 24, 1956, when appellants started to remove it and change its location until restrained from doing so by an order of the district court.

The evidence discloses that in 1934 Corry W. Mount, also referred to in the evidence as C. W. Mount, owned Lots 1 and 2 and the south half of the northeast quarter of Section 6, being the northeast quarter of that section. At that time Harry Heath owned Lot 3 and the southeast quarter of the northwest quarter of Section 6, being the east half of the northwest quarter of that section. Heath also owned other lands in Section 6.

In that year (1934) Mount had the county surveyor establish the division line between the northeast quarter and the northwest quarter of Section 6. The division line established by the survey was not the same as the division line that was then being recognized by the parties on the basis of their farming operations. Some 2 or 3 weeks after the survey Mount was proceeding to have his sons, Dan and Woodrow, put in a division

fence on the line that had been established by the survey when Heath came out to where they were working. Heath and Mount then agreed, for various good and sufficient reasons, that the fence should be built on the division line that had been recognized, prior to the survey, by their farming operations and not on the division line that the surveyor had established. That was done. This resulted in the north end of the fence that was built being constructed considerably to the west of the north end of the surveyed division line whereas the south end of the fence was considerably to the east of the south end thereof. The fence was constructed in a straight line and crossed the surveyed division line some 55 to 60 rods north of the south end thereof, thus the fence that was built and the division line that was surveyed formed an X. The fence that was then built has been maintained and kept on that location ever since without being disturbed until July 24, 1956, when appellants began to remove it and place it on a division line that had been established by a survey made by the county surveyor on July 21, 1956. This action immediately followed, having been commenced on July 25, 1956.

Corry W. Mount was in possession of, claimed to own, and openly farmed the land east of this fence at all times after the fence was put in until he sold it to appellee on August 23, 1948. Thereafter appellee went into possession thereof, claimed to own, and openly farmed it. He was the record title owner thereof when he commenced this action. Health continued to farm the land to the west of the fence. Heath died in 1954. His widow, Nora Heath, sold the east half of the northwest quarter of Section 6 to appellants in August 1954. They went into possession thereof in September 1954.

"One claiming ownership of real estate by adverse possession must recover upon the strength of his title and not because of a possible weakness in the title of

his adversary." Hehnke v. Starr, 158 Neb. 575, 64 N., W. 2d 68.

Appellants contend that the possession of appellee, and his predecessor in title Mount, of that part of the east half of the northwest quarter of Section 6 east of the fence built in 1934 was permissive and therefore the following principle applies in this case: "Possession by permission of the owner can never ripen into title by adverse possession until after such change of position has been brought home to the adverse party." Weisel v. Hobbs, 138 Neb. 656, 294 N. W. 448. See, also, Mader v. Mettenbrink, 159 Neb. 118, 65 N. W. 2d 334; Chase v. Lavelle, 105 Neb. 796, 181 N. W. 936; Thuresson v. Seifert, 94 Neb. 823, 144 N. W. 777; Smith v. Hitchcock, 38 Neb. 104, 56 N. W. 791. If the evidence adduced sustained appellants' contention that the possession was permissive this principle would be controlling but we do not find that to be the situation.

Appellee seeks to invoke the doctrine of recognition and acquiescence as being here applicable to the factual situation as established by the evidence. But appellee did not plead that as a basis for his claim to the relief prayed for. In Hakanson v. Manders, 158 Neb. 392, 63 N. W. 2d 436, we said: "The rule of recognition and acquiescence may be the means of determining the corner or boundary, but it is separate and distinct from establishment by adverse possession." The court therein quoted that part of section 34-301, R. R. S. 1943, which provides that: "Either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years, * * *." See, also, Hehnke v. Starr, *supra*. As stated in Hehnke v. Starr, *supra*: "* * * plaintiffs did not by 'proper plea' put in issue that the alleged boundary line claimed by them had 'been recognized and acquiesced in by the parties or their grantors for a period

of ten consecutive years' as required by section 34-301, R. R. S. 1943, * * *." We do not think the issue of recognition and acquiescence was properly raised in the district court and consequently is not here for our consideration in determining the merits of the case. Neither is appellee's contention that the right claimed was established by agreement properly here, for that was not the basis of appellee's claim in the district court, although, in a case where it is properly pleaded and then proved, that may be the basis for establishing a disputed boundary line. See Hakanson v. Manders, *supra.*

In the recent case of Purdum v. Sherman, 163 Neb. 889, 81 N. W. 2d 331, we said: "The claim of title to land by adverse possession must be proved by actual, open, exclusive, and continuous possession under a claim of ownership for the statutory period of 10 years." Therein we went on to hold: "The claim of adverse possession is founded upon the intent with which the occupant had held possession, and this intent is ordinarily determined by what he has done in respect thereto. '* * * it is the visible and adverse possession, with an intention to possess land occupied under a belief that it is the possessor's own, that constitutes its adverse character, and not the remote view or belief of the possessor.'" See, also, Hallowell v. Borchers, 150 Neb. 322, 34 N. W. 2d 404.

We think the evidence adduced entitles appellee to the relief granted him by the trial court under the principles applicable where a claim is made to the ownership of land by adverse possession. The judgment of the district court is therefore affirmed.

AFFIRMED.