FRANCES K. HOLDREGE, APPELLANT, V. WILLIAM B. LIV-
INGSTON ET AL., APPELLEES.

FILED MAY 24, 1907.   No. 14,824.

1. **Adverse Possession:** TACKING. Privity must be shown between
   adverse claimants of real estate before the possession of one can
   be tacked to the possession of the other for the purpose of com-
   pleting title by prescription.

2. **Death:** PRESUMPTION. A presumption of death arises from the con-
   tinued and unexplained absence of a person from his home or place
   of residence for seven years, where nothing has been heard from
   or concerning him during that time by those who, were he living,
   would naturally hear from him.

APPEAL from the district court for Cass county: PAUL
JESSEN, JUDGE. *Affirmed.*

*Byron Clark,* for appellant.

*C. S. Polk, contra.*

CALKINS, C.

On September 17, 1904, the plaintiff filed her bill seek-
ing to quiet title to a tract of land, the record title to
which was in Elijah Noyes, and other property. Con-
structive service was had upon Elijah Noyes, and on
December 6, 1904, a decree was rendered in favor of the
plaintiff, quieting title in her to all of said property.
Subsequently, and on February 13, 1905, an amended
petition was filed, seeking to quiet title as against Mrs.
Elijah Noyes, wife of Elijah Noyes. To this amended
petition the three sons of Elijah Noyes, Elmer, Charles
and Rolland, filed answer, denying the allegations of
the plaintiff, and alleging the death of their father prior
to the decree of December 6, 1904. The decree of the
district court found that Elijah Noyes was presumed to
be dead on December 6, 1904, when the decree quieting
title against him was entered, and adjudged that, be-

cause of his death at said time, said decree was a nullity. The plaintiff's claim as against Noyes was founded upon adverse possession, and the court found that the property in dispute had not been in the adverse possession of the plaintiff as against the answering defendants Noyes, and dismissed the petition as to them. From this decree the plaintiff appeals.

1. To show adverse possession for the requisite period of time, it is necessary for the plaintiff to tack her pos-session under a tenant who took possession in 1898 or 1899 to that of one Siever, a prior tenant of the plaintiff's adjoining land. The testimony of Siever is that he fenced the land in 1893; that he pastured cattle for one of the Noyes sons in payment of rent in 1893; and that in 1894 or 1895 (the witness is uncertain which) he refused to further pasture cattle on the ground that he did not "think they had any better right to it than he had." At the time he left, he sold his fence to Mr. Holdrege, the plaintiff's husband. There is no evidence that he trans-ferred or attempted to transfer any right of possession or claim to the land to the plaintiff or to Mr. Holdrege. It is essential that each occupant show a derivative title from his predecessor in order to link his possession with that under the original entry. *Zweibel v. Myers,* 69 Neb. 294; *Montague v. Marunda,* 71 Neb. 805. In the case at bar, the plaintiff could not claim anything under the possession of Siever without showing a transfer of his claim in the land. There is wanting this essential ele-ment; and the trial judge could not well have found otherwise than he did upon the evidence.

2. The plaintiff, however, claims that the decree of December 6, 1904, was conclusive, and that the finding that the presumption of the death of Elijah Noyes existed at the date thereof is unsupported by the evidence and contrary to law. There is nothing in the record to show the terms and conditions of the order allowing the plaintiff to file an amended petition making the wife of Elijah Noyes a party, and seeking to quiet title to the land as

against her after the entry of the original decree.  It is unusual to permit the filing of amended pleadings requiring new parties and new proofs after judgment, without opening or vacating so much of the judgment as is involved by the amendment.  In this case, Mrs. Noyes' claim was in the right of her husband, and the plaintiff's claim against her required the same proofs as did the plaintiff's claim against  Elijah Noyes; in other words, the subject of the claim against Elijah Noyes and his wife is identical.  If we say that, with a decree against the husband still in force, his wife may be brought in by an amended petition, and the same matter litigated as to her, it follows that it is possible to have two contrary findings upon the same issues in the same case.  To avoid this, we should perhaps regard the order permitting the filing of an amended petition after judgment as operating to vacate so much of the decree as was involved in the subject matter of the amended petition; but this question was not argued, and, in view of the conclusion at which we have arrived upon the evidence, need not be decided.  The trial judge found, as we have seen, that the evidence showed that a presumption of the death of Elijah Noyes existed at the date of the rendition of the first decree.  The plaintiff's argument against this finding is based upon the assumption that Elijah Noyes established a new abode after he left his old home in Nebraska.  The rule is settled that the presumption of life with respect to persons of whom no account can be given ends at the expiration of seven years from the time they were last known to be living, after which the burden of proof is devolved on the party asserting the life of the individual in question.  2 Greenleaf, Evidence (16th ed.), sec. 278f.  It is true that proof of a change of his residence from one state to another, and that he has not been heard of in the former state for a period of seven years, does not create the presumption; and some of the cases go so far as to hold that, where a party leaves his domicile with the avowed intention of establishing some specific

new abode, the inquiry must follow him to such new domicile, but there is nothing here to bring this case within either exception to the rule. There is a total lack of any evidence that Elijah Noyes proposed, or intended to, or did in fact establish any new residence or place of abode. The record fails to point out any other place than his old Nebraska home where inquiry might be made concerning his whereabouts. In view of this fact, the finding of the trial judge should be affirmed upon this point also.

We therefore recommend that the decree of the district court be affirmed.

AMES and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.