FRANKLIN H. RICE ET AL., APPELLANTS, V. ALEXANDER R. KELLY, APPELLEE.

FILED MARCH 5, 1908. No. 15,058.

1. **Adverse Possession:** TACKING. Where the owner of land, claiming adverse possession of a narrow strip adjoining same, conveys said land to a third party by a deed which does not describe the adjoining strip, simultaneously taking back a lease and remaining in possession of the whole until he afterwards secures a reconveyance of the land so conveyed by him, the question of whether or not the successive grantees could tack their possession to that of their grantors for the purpose of completing title by adverse possession does not arise.

2. ———: PRESUMPTIONS: EVIDENCE. While the calls of a deed limit the right as a presumption of fact of a party in possession of land outside of but adjacent to land within the calls of his deed to the calls of said deed, such presumption, like any other presumption of fact, yields to proof of actual facts which negative and overcome such presumption. It is the facts, when established, that govern.

3. ———: ———: ———. The rule sometimes announced that the adverse possession of land cannot be extended beyond the calls of the deed means that possession by construction cannot be extended beyond the calls of the written instrument by virtue thereof; but, if land be actually occupied beyond the calls of the deed, hostile to the true owner, the written instrument does not preclude such occupancy from being adverse. The occupancy does not refer to the deed, but to the fact itself and its hostile character.

4. **Quieting Title:** VENDOR AND PURCHASER. Where one who occupies land as owner in fee simple, also occupies a strip of land adjoining same, of which he has become owner by adverse possession,

conveys said land by general description, without describing the adjoining strip, and at the same time and as a part of the same transaction delivers to his grantee possession of the whole tract, both grantor and grantee believing that such strip is included in the calls of said deed, the grantee thereby becomes the actual owner of the whole tract, and entitled to have his title quieted as against both his grantor and the owner of the fee of such strip.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. *Reversed with directions.*

O. A. *Williams,* for appellants.

*Jackson & Kelsey, contra.*

FAWCETT, C.

The plaintiffs were the owners of the northeast quarter of the northeast quarter, hereafter called the north forty; the southeast quarter of the northeast quarter, hereafter called the middle forty; and the northeast quarter of the southeast quarter, hereafter called the south forty; all in section 14, and together constituting a tract of land in dimensions approximately ¼ of a mile east and west, and ¾ of a mile north and south. The defendant owned the land adjoining this tract on the west. The plaintiff claimed that for about 18 years the west boundary of his said land had been marked by ridges of plowed ground, trees and fences, so as to indicate clearly to what limit possession had been exercised; and that he had for more than 10 years, under a claim of ownership, been in the open, exclusive and adverse possession of the land lying east of such boundary lines. He alleged that the defendant had procured the county surveyor to make a survey of the boundary line between this land and that of defendant, and that such surveyor had located such line about four rods east of the boundary so marked by ridges of plowed ground, trees and fences; and that defendant claimed the title and right of possession to the strip between the two lines, and threatened to take possession thereof. The

prayer of the plaintiff's petition was that the title to the disputed strip be quieted in him. The defendant answering denied the adverse possession, claimed the ownership of the tract in dispute, and alleged that the boundary line established by the county surveyor was the true boundary line according to the government survey. This was denied by the reply. There was a trial to the court and a finding for the defendant; and from a judgment rendered upon this finding, the plaintiff appeals.

1. The plaintiff Franklin H. Rice acquired title to the north forty in 1889. In 1893 he conveyed to one David Whittacher, from whom he leased the same, holding as the tenant of Whittacher until 1899, when Whittacher conveyed to plaintiff Rena M. Rice, wife of Franklin H. Rice; and she, during the pendency of this action and before judgment, conveyed the premises to her said husband. The evidence establishes the fact of adverse possession during the period of plaintiffs' ownership, but in the deed from plaintiffs to Whittacher, and from Whittacher to Rena M. Rice, the land was described as the northeast quarter of the northeast quarter of section 14, and the defendant contends that this excludes the disputed strip, which was not conveyed to Whittacher nor by him to the plaintiffs; and that therefore the possession of Whittacher cannot be tacked to the prior possession of the plaintiff, nor can the plaintiffs, upon receiving the conveyance from Whittacher, tack their later holding to the possession of Whittacher. When the plaintiff deeded to Whittacher, he took a lease from Whittacher, and remained in the actual possession of the premises, including the disputed strip, during the period of Whittacher's ownership. If the plaintiffs' deed to Whittacher did not convey the disputed strip, then the plaintiffs remained in the possession thereof during the Whittacher ownership, in their own right. If the plaintiffs' right in the disputed strip passed by authority of their deed to Whittacher, then by the same rule Whittacher's deed to the plaintiffs would pass back his right of pos-

session; so that the fact of the conveyance to Whittacher becomes immaterial, as in either view of the case it is the same as if this deed had never been made.

2. The plaintiffs claim title to the middle and south forties by a deed from J. N. Rice, who in 1885 entered the same under the timber culture laws, and planted the trees which mark the western boundary of the disputed strip along the middle forty and for a short distance upon the south forty; and who had possession of the same to the west line of the trees, claiming ownership thereof, until 1900, when he conveyed the middle and south forties to the plaintiff Franklin H. Rice, and delivered to him the possession of the whole, including the disputed strip. In this conveyance the land was described as the southeast of the northeast and the northeast of the southeast of section 14, and no mention made of the disputed strip. The question is therefore presented whether, when an owner of a governmental subdivision of land either rightfully or mistakenly encroaches upon the land of the adjoining proprietor and occupies the land included in his boundaries, adversely to the owner for more than 10 years, and then executes a deed to a purchaser which describes the governmental subdivision only, but surrenders the possession of the whole, the purchaser takes any right in that part acquired by adverse possession. While it is settled in this state that privity must be shown between adverse claimants of real estate before the possession of one can be tacked to the possession of the other for the purpose of completing title by adverse possession (*Zweibel v. Myers*, 69 Neb. 294; *Montague v. Marunda*, 71 Neb. 805; *Holdrege v. Livingston*, 79 Neb. 238), the precise question here presented has not been before this court. The defendant contends that the presumption is that the plaintiff entered under his deed, and the possession given him was only co-existent with his title; and that when plaintiffs' grantor quit possession of the disputed strip, the seizin of the true owner was restored, and an entry afterwards by the plaintiff upon such strip constitutes a new disseizin;

and cites *Graeven v. Dievcs,* 68 Wis. 317, *Dhein v. Buescher,* 83 Wis. 316, in support of his argument. The cases above cited have been limited and very clearly explained in the later case of the *Illinois Steel Co. v. Budzisz,* 106 Wis. 499, where it is said: "If a person, not the true owner, but hostile to him, be in actual possession of a part of a larger tract of land, under a deed describing the whole, in law he is in actual possession of the whole for the purposes of the statute of limitations, though as to a part the possession be in fact only constructive. In that situation it is said, and it is the law, that the adverse possession cannot extend beyond the calls of the deed, meaning thereby that actual possession by construction cannot be extended beyond the calls of the written instrument by virtue thereof; but if land be actually occupied beyond the calls of the deed, hostile to the true owner, the written instrument does not preclude such occupancy from being adverse. The occupancy does not refer to the deed, but to the fact itself and its hostile character. There was such an occupancy in *Wollman v. Ruchle,* 104 Wis. 603, and the point was directly decided in *Bishop v. Bleyer,* 105 Wis. 330. The full legitimate effect was given in those cases to the rule that the possession under a deed cannot be extended beyond its calls. Full effect was also given to the presumption that a person so circumstanced only intends to claim what his deed calls for, and the further presumption that the land, as to which the occupant has no title, he holds consistent with the title of the true owner. The first presumption, however, was rebutted by clear proof that the occupant claimed that the disputed tract was in fact within the calls of his deed. The second was rebutted by clear proof that the possession was actual and hostile to the true owner. Such presumptions yield to proof, like any other presumption of fact, or facts otherwise established. It is the facts, when established, that govern."

A careful reading of that portion of the opinion following the quotation above given will show that the Wiscon-

sin court completely repudiates the view taken in *Gracven v. Dieves* and *Dhein v. Beuscher,* and makes it clear that what that court means to hold is that the calls of the deed limit the *presumptive* possession taken by the grantee under. a deed, but that that presumption, like any other presumption of fact, can be overcome by competent proof; *i. e.,* when possession of. a larger tract than that embraced within the calls of the deed is delivered by the grantor to the grantee, at the time of the delivery of the deed and possession thereunder and as a part of the same transaction, with an intent on the part of the grantor to deliver the possession of the whole tract, then the possession of the grantee will tack to the former possession of the grantor.

Under the rule so fully, forcibly and clearly stated by the supreme court of Wisconsin, it is clear that when plaintiff's father conveyed the two south forties to plaintiff, and in his deed described the property by congressional subdivisions, omitting therefrom the disputed strip, both plaintiff and his father believing at the time that the strip was within the calls of the deed, and plaintiff's father having placed plaintiff in possession of the whole, then the *presumption* that the strip to which plaintiff obtained no title was held by him consistent with the title of the true owner is completely overcome, and the adverse possession of the father having been hostile to that of the true owner tacked to and became the adverse possession of plaintiff.

Again, it is clear from the record in this case that plaintiff purchased from his father the entire tract of land claimed by him in his petition; namely, the two forty acres and the disputed strip adjoining. It is clear that they both thought that the strip was within the calls of the deed that was given. Plaintiff was placed in possession of the whole tract under that deed. The true intention of the parties being to convey the entire strip, he had a perfect right to demand of his father a corrected deed or to bring suit against him to quiet his title. Having purchased the land from his father, who had absolute title to

10

the entire tract at that time, he thereby became the true owner of the entire tract, and had a right to bring his suit to quiet title against every person asserting claim to any portion of it. In that suit he could join his father, who had failed to make a complete conveyance, with the defendant, who was asserting ownership and right of possession. If he failed to make the defendant a party to such suit, that would not defeat his right to a decree against his father; and, in like manner, if he failed to make his father a party to the suit, that would not defeat his right to relief against the defendant. The statute of limitations having run as against defendant, who was the original owner of the strip of land, plaintiff's father became the absolute owner. He and all others interested evidently understood that the strip was within the government subdivision. As between plaintiff and himself it is clear that such was the case. The land was transferred and received under that mutual understanding. Of course, it would have been different had the statute not run in favor of the occupant. But it had, and the occupant was the owner of the land. As it was so clearly understood and considered a part of the land actually conveyed *and delivered,* all rights of the owner under the statute went with the deed.

It follows, therefore, that the judgment of the district court should be reversed as to the entire disputed strip, and the plaintiff's title thereto quieted, and we so recommend.

Root, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to enter a decree quieting plaintiff's title to all of the land in controversy.

REVERSED.