91 N.W.2d 409 (1958)
167 Neb. 124
Edwin MAAS and Laura P. Maas, Appellants,
v.
PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, a corporation, Appellee.
No. 34409.
Supreme Court of Nebraska.
July 18, 1958.
Dryden & Jensen, Kearney, for appellants.
Hamer, Tye & Worlock, James M. Knapp, Kearney, for appellee.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, WENKE and BOSLAUGH, JJ.
BOSLAUGH, Justice.
Appellants seek to have quieted in them title to accretion land which they claim has *410 become an addition to real estate they own by purchase and conveyance, and to have Platte Valley Public Power and Irrigation District enjoined from claiming any right therein because of specified instruments of record. Nebraska Public Power System was designated as a party defendant. A special appearance on its behalf was sustained by the trial court, no further proceeding was had in reference to it, and the order of the court became final. The parties to this appeal are Edwin Maas and Laura P. Maas, husband and wife, appellants, and Platte Valley Public Power and Irrigation District, appellee.
The substance of the cause of action alleged by appellants to the extent necessary to be here stated is as follows: Appellee is a corporation engaged in dispensing power and irrigation by virtue of the statutes of Nebraska. Appellants are owners of property adjacent to the Platte River in Buffalo County described as Lots 6, 7, and 8 of Section 4, Township 8 North, Range 18, in that county. They acquired Lots 7 and 8 and the accretions thereto by deed from Grace H. Berdine, widow, to appellants dated February 4, 1950, and recorded March 1, 1950, in book 151, page 5, of the deed records of the county, and they acquired Lot 6 and the accretions thereto by deed from Albert Schurr and Martha A. Schurr, husband and wife, to appellants dated February 2, 1950, and recorded March 1, 1950, in book 152, page 69, of the deed records of the county.
John F. Daul and his wife executed and delivered a warranty deed December 18, 1917, to Kearney Water and Electric Powers Company and it was recorded in the deed records of the county February 1, 1918, in book 103, page 72. It described and conveyed to the grantee a part of Sections 3 and 4, Township 8 North, Range 18, in Buffalo County, including a part of Lots 6, 7, and 8 above described. Any rights secured under the deed last described constitute a cloud on the title of appellants to the property of which they are the owners. Appellee claims some rights under and by virtue of the deed last described and such deed and claim of rights to the real estate of appellants are inferior to and subject to the rights and title of appellants.
During the past 20 years or more accretions have formed and become attached to the real estate owned by appellants by virtue of the fact that said land is adjacent and contiguous to the river bank of the Platte River. The property owned by appellants has filled in for a considerable area to the south of the original southern boundary of their land and the accretion is directly connected with the real estate owned by appellants. The predecessors in title of appellants have for more than 10 years prior to the acquisition of the title to the property owned by appellants claimed to own the accreted land to the thread of the stream of the Platte River as it flows in an easterly direction past the land of appellants, and the predecessors in title openly, notoriously, exclusively, and under claim of right and color of title, ran cattle upon said accreted land and over the premises purported to be conveyed by the deed last above described.
The property purported to be conveyed to the Kearney Water and Electric Power Company by said deed was abandoned by it and was unused for a period of more than 20 years prior to the acquisition of title by appellants of said Lots 6, 7, and 8 of Section 4, Township 8 North, Range 18, in Buffalo County. The premises purported to be conveyed by the deed last above described have been occupied and used under claim of right by appellants and their predecessors in title for more than 20 years last past and by virtue thereof any successor in interest of the grantee in said deed is estopped to claim any rights under it and specifically appellee is estopped to claim any rights arising under said deed. The deed and the claims of appellee are a cloud on the title of appellants to the land owned by them as aforesaid. They are without adequate remedy at law and entitled to an adjudication of the court annulling *411 any claims under said deed and enjoining appellee from going upon the premises.
The amended answer of appellee admitted its corporate status; the ownership by appellants of some interest in Lots 6, 7, and 8 of Section 4, Township 8 North, Range 18, in Buffalo County; the execution and delivery of the deeds to appellants as alleged in the petition; the execution and delivery of the deed recorded in book 103, page 72, of the deed records of Buffalo County; and that appellee has and claims rights and interest in and to the lands and accretions thereto located in Lots 6, 7, and 8 above described arising from the deed last referred to. The appellee denied all other allegations of the petition.
The trial court found generally in favor of appellee and against appellants; that the deed last described above did not constitute a cloud on the title of appellants to the land owned by them; that appellants had not acquired any right, title, or interest in and to any part of the premises involved in this action by adverse possession; that appellee was since August 1, 1941, in possession of the real estate involved in this case under and by virtue of a lease agreement with Consumers Public Power District; and that the real estate involved herein is described in the deed recorded in book 103, page 72, of the deed records of Buffalo County. The trial court adjudged that the case should be and it was dismissed. The motion for new trial was denied and appellants prosecute this appeal.
The land now owned by appellants and the land deeded to The Kearney Water & Electric Powers Co. was owned by John F. Daul, who is sometimes mentioned in the record as John Daul. John F. Daul and Addie E. Daul, his wife, executed and delivered to The Kearney Water & Electric Powers Co., a corporation, a warranty deed dated December 18, 1917, filed for record February 1, 1918, and recorded in the public records of Buffalo County in book 103 on page 72 of deeds. The description of the premises conveyed by the deed is by metes and bounds. It is very lengthy. It is sufficient for the present purpose to say that it conveyed to the grantee all of Lots 6, 7, and 8 of Section 4, Township 8 North, Range 18, in Buffalo County, south of the north line of the right-of-way of the grantee on which a part of its original canal, referred to in the record as Blue Hole, was located and constructed across the lots from west to east. The distance from the northwest corner of the southwest quarter of said Section 4 to the north line of the right-of-way at the west line of the section was 1354.9 feet. The distance from the south line of the highway right-of-way north of the above-described lots along the east line of Lot 8 to the north right-of-way line on which the canal was located was 913 feet. The course of the canal across the lots from west to east was somewhat irregular and angled toward the northeast.
The real estate described in the deed last above referred to was conveyed by the grantee therein, The Kearney Water & Electric Powers Co., to Central Power Company by warranty deed dated July 23, 1919, filed for record August 2, 1919, and recorded in the office of the register of deeds of Buffalo County. Central Power Company conveyed the same real estate to Consumers' Public Power District by warranty deed dated January 7, 1941, filed for record January 31, 1941, and recorded in the deed records of said county. Consumers Public Power District on August 1, 1941, by instrument in writing duly executed and delivered, leased the property owned by it and conveyed to it by the Central Power Company as shown by the deed last identified and described, to the Loup River Public Power District, The Central Nebraska Public Power and Irrigation District, and the Platte Valley Public Power and Irrigation District. The property leased to the lessees above named included the property conveyed to Consumers Public Power District by the deed last above identified and described.
*412 A written supplemental agreement was made December 22, 1943, to the lease agreement of August 1, 1941, by the parties thereto in which it was evidenced that for convenience in carrying on the business of the parties thereto, it was agreed that the name "Nebraska Public Power System" should be used and whenever used it should be understood to mean Loup River Public Power District, The Central Nebraska Public Power and Irrigation District, and Platte Valley Public Power and Irrigation District; that the name Nebraska Public Power System when used referred to the affairs of the districts and should be binding on them in the same manner as if the individual names of the three districts were used; and that by these provisions the districts did not create any kind of a legal entity. The supplemental agreement did not change or modify the original lease agreement of August 1, 1941, concerning any matter involved in this case. It only clarified the original lease agreement in certain respects and specifically ratified, confirmed, and continued in force the original lease agreement.
The title to the land owned by appellants was conveyed to them by deeds as follows: Grace H. Berdine, widow, executed and delivered a warranty deed to Edwin Maas and Laura P. Maas, husband and wife, as joint tenants, in which were described Lots 7 and 8, plus accretions, of Section 4, Township 8 North, Range 18, in Buffalo County. The date of the deed was February 4, 1950. It was filed for record March 1, 1950, recorded in book 151, page 5, of the deed records of that county, and it was by provision therein made subject to the deed recorded in book 103, page 72, of the deed records of Buffalo County in which the grantors were John F. Daul and Addie E. Daul, husband and wife, and The Kearney Water & Electric Powers Co. was grantee. Albert J. Schurr and Martha A. Schurr, husband and wife, executed and delivered a warranty deed to Edwin Maas and Laura P. Maas, husband and wife, as joint tenants, in which was described Lot 6, plus accretions thereto, of Section 4, Township 8 North, Range 18, in Buffalo County. The date of the deed was February 2, 1950. It was filed for record March 1, 1950, recorded in book 152, page 69, of the deed records of the county, and it excepted from the conveyance the land conveyed to the Kearney Water and Electric Powers Company by the deed to it from John F. Daul and Addie E. Daul, husband and wife, recorded in book 103, page 72, of the deed records of the county.
The deed from Grace H. Berdine and husband to Albert J. Schurr and Martha A. Schurr, husband and wife, as joint tenants, dated March 2, 1946, for Lot 6 of Section 4 did not exclude from that conveyance by any provsion therein the land conveyed by the deed from John F. Daul and wife to The Kearney Water & Electric Powers Co. recorded in Book 103, page 72, but the deed to Grace H. Berdine from Octives Johnson and wife dated October 23, 1933, for that lot excluded from the conveyance the land conveyed by the deed recorded in book 103, page 72, of the deed records of the county and as above, stated the deed from Albert J. Schurr and wife to appellants contained a like exception.
Appellants executed and delivered a mortgage to The Prudential Insurance Company of America, dated January 16, 1950, on Lots 6, 7, and 8 of said Section 4 except the land conveyed to the Kearney Water & Electric Powers Co. by deed recorded in book 103, page 72, of the deed records of Buffalo County. The mortgage was filed March 1, 1950, and recorded in the real estate mortgage records of the county. Edwin Maas testified he read the mortgage before he signed it and he knew what was in it. He was furnished an abstract of title to the real estate he acquired in Section 4 by the conveyances to him and his wife above described. He had it examined and was advised concerning it by a well-known, active attorney of Kearney. Maas examined the deed to him when he bought the property. Notwithstanding all these admissions, he testified he bought all *413 of the 3 lots of Section 4 except a strip of land across them 99 feet wide occupied by a canal. There was no land south of that conveyed to The Kearney Water & Eletric Powers Co. as shown by the deed recorded in book 103, page 72. The land described therein and conveyed thereby was bounded on the south by the south line of Sections 3 and 4, Township 8 North, Range 18, Buffalo County, which was out in the Platte River. The conveyances detailed above concerning which there is no dispute conclusively establish that appellants acquired by purchase and conveyance no part of Lots 6, 7, and 8 of said Section 4 south of the north line of the real estate conveyed to The Kearney Water & Electric Powers Co. exhibited by book 103 on page 72 of the deed records. The accretion land described and claimed by appellants is attached to and has become a part of the land described in and conveyed by that deed.
Appellants insist that the trial court was incorrect in finding that appellee had a legal interest in the property, the subject of this litigation. The petition alleged that appellee claimed rights and an interest in the subject of the suit but that they were inferior to the rights and interest of appellants. The property and rights of The Kearney Water & Electric Powers Co., including the land described in and conveyed by the deed in book 103, page 72, referred to above, were by mesne conveyances herein detailed vested in Consumers Public Power District on January 7, 1941. It made a lease August 1, 1941, of the property and rights to Loup River Public Power District, The Central Nebraska Public Power and Irrigation District, and the Platte Valley Public Power and Irrigation District. A description of the property and rights in very general terms was made in the lease, suplemented by this language: "* * * and including but without limitation of the generality of the foregoing, all lands, buildings, storerooms, turbines, diesel engines, generators, boilers, boiler room auxiliaries, electrical connections and switches, instruments and meters, switchboard, * * * and all appurtenances used or useful for proper and efficient operation of the plant at either part or full capacity, together with all rights, easements and privileges incidental thereto, being the same properties heretofore owned by the Central Power Company and conveyed by it to Consumers Public Power District." The property described in the lease was taken possession of and has been operated, maintained, and improved by the lessees by the use of the name Nebraska Public Power System. Appellee has been more active in reference thereto because the property is located within the area comprising that district. The lessees for convenience have and do use the name Nebraska Public Power System primarily in the conduct of their power business. The transactions had are those of the district but they are done in the name above noted. It is an operating arrangement for convenience adopted by the districts.
Blue Hole, used frequently in the record, signifies the original canal from where water was taken from the Platte River by the use of a siphon a considerable distance west of Section 4 and continuing from there generally eastward, with variations to the northeast, to and through Section 4 including Lots 6, 7, and 8 thereof, and into Section 3 where it joined the Kearney Canal proper. Later, in 1941, a new connection was made between the river and Blue Hole. Headgates were installed and by this means water was taken from the river, through the headgates, into Blue Hole, and transported by it to the Kearney Canal which originated in Section 3. A change was thereafter made at the west end of the Kearney Canal. The water from Blue Hole was discharged in the river near but above the headgates and when desired it and other water were taken from the Platte River through the headgates into the Kearney Canal. Blue Hole has at all times been and is beneficially used. It is now largely a stand-by facility but the water therefrom is used at times *414 in carrying out the purposes of the project of which it is a part. The land south of Blue Hole is necessary to protect the canal, the operations conducted by the lessees, and for access to and maintenance and improvement of the works. There has been no abandonment of Blue Hole. Appellee has an interest in the subject of this litigation. It is a lessee of the owner and it has capacity to contest and defend this cause. A lessee may maintain an action to quiet title to his leasehold. A tenant is entitled to the exclusive possession and use of the demised property in the absence of reservation or restriction in his lease. Peterson v. Vak, 160 Neb. 450, 70 N.W.2d 436, 51 A.L.R.2d 1221, on rehearing 160 Neb. 708, 71 N.W.2d 186, 51 A.L.R.2d 1221; Annotation, 51 A.L.R.2d 1227. The converse is obviously true that a lessee may defend an action to quiet title which seeks to establish a claim of title adverse to the tenant and to deprive him permanently of the property involved.
Appellants must, to succeed in this case on their plea of adverse possession, rely on the strength of their title and not upon any possible weakness in the interest or title of appellee. Ohm v. Clear Creek Drainage Dist., 153 Neb. 428, 45 N.W.2d 117; McDermott v. Boman, 165 Neb. 429, 86 N.W.2d 62; Worm v. Crowell, 165 Neb. 713, 87 N.W.2d 384.
The record does not show any claim of possession or relationship of appellants with the real estate of which they seek to establish ownership by prescription until February or March of 1950. This litigation was instituted December 22, 1955. They could not have matured title thereto by adverse possession by their independent acts. Ohm v. Clear Creek Drainage Dist., supra, declares [153 Neb. 428, 45 N.W.2d 118]: "A person claiming title by adverse possession must, to establish it, prove open, notorious, exclusive, continuous, and adverse possession of the real estate for the full period of ten years." See, also, Worm v. Crowell, supra.
Orval V. Beavers agreed to buy from Grace Berdine Lots 7 and 8 of said Section 4 in 1948. The consideration was to be paid within 5 years and the buyer was to have a deed when he performed the contract. He lived on the property until the spring of 1950 when he moved from it. He did not get a deed and he made no conveyance thereof, although he testified he sold his interest to Edwin Maas. A conveyance of these lots was made by Grace H. Berdine to appellants in February 1950. Orval V. Beavers testified he did not know how many acres of land he bought; that he knew only the east and west boundaries of it; that he did not know he was to have any land south of the canal across the land; that "We just had a verbal understanding"; that he thought there was some accretion land north of the canal; that whatever the actual deeds called for previously or whatever the record was, that was what he expected to get; that he never did locate any accretion land that was talked about; that he secured the permission of the superintendent of the Nebraska Public Power System to erect and he did build a fence along the north side of Blue Hole or the canal to keep his animals from crossing it and getting out into the river; that there was no fence south of the canal and there was no land south of it that was fenced or enclosed; that he had or made no use of the area south of the canal; that other persons had hunting blinds south of the canal but he did not question their authority because they were there before he came; and that he did not claim he owned anything south of the canal.
There is absence of proof that Orval V. Beavers either had or claimed adverse possession of the area south of the canal. Any possession he had thereof could not aid the claim of appellants of adverse possession of it because the possession of Orval V. Beavers originated not earlier than the year 1947, less than 10 years before the commencement of this case in 1955.
*415 The evidence establishes that Lots 6, 7, and 8 of Section 4 were deeded to Grace H. Berdine on October 23, 1933. She and her husband conveyed Lot 6 of Section 4 to Albert J. Schurr and Martha A. Schurr March 2, 1946. Grace H. Berdine deeded Lots 7 and 8 to appellants February 4, 1950. Grace H. Berdine and her husband or either of them never intended to nor did they claim any part of the 3 lots except the parts thereof deeded to them. They never used or had possession of the area south of the canal. The evidence is conclusively inconsistent with any claim that they or either of them had adverse possession or claimed ownership of any land south of the canal that crossed the lots from west to east. There is no evidence that Albert J. Schurr and Martha A. Schurr, the grantees of Grace H. Berdine of Lot 6 of Section 4, made any claim of adverse possession to the area south of the canal.
The only persons between whom there was privity of estate or connection of title mentioned in the record involving the premises in question were Grace H. Berdine, her husband, Orval V. Beavers, Albert J. Schurr and Martha A. Schurr, his wife, and appellants. Appellants cannot tack or link their possession of the premises involved with that of other persons just named to support the claim of adverse possession because of the lack of proof of adverse holding and occupancy by any of the predecessors in title. The possession of the premises involved by any other persons mentioned in the record is not significant because appellants did not derive their title or possession through such persons. It is essential that each occupant must show derivative title from his predecessor in order to link his possession with that taken under a previous or original entry. The circumstance of successive occupancies does not establish the necessary privity but only shows a succession of independent trespasses, no one necessarily supporting the other. Holdrege v. Livingston, 79 Neb. 238, 112 N.W. 341, states: "Privity must be shown between adverse claimants of real estate before the possession of one can be tacked to the possession of the other for the purpose of completing title by prescription." See, also, Zweibel v. Myers, 69 Neb. 294, 95 N. W. 597; Montague v. Marunda, 71 Neb. 805, 99 N.W. 653; Rice v. Kelly, 81 Neb. 92, 115 N.W. 625; Kramper v. St. John's Church, 131 Neb. 840, 270 N.W. 478.
The record does not establish title to the land involved in this case in appellants by prescription. The judgment should be and it is affirmed.
Affirmed.